IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KRISTOPHER ORION PARKS              PLAINTIFF

Civil No. 2:24-cv-02137-TLB

v.

SHERIFF JIMMY DAMANTE, *et. al.*            DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

### I. BACKGROUND

Plaintiff filed his Complaint on October 24, 2024. (ECF No. 1). He is not incarcerated. He filed an Amended Complaint on November 12, 2024. (ECF No. 4). He alleges his rights under the Fourth Amendment, Eighth Amendment, and the Prison Rape Elimination Act were violated. (*Id*. at 7). Plaintiff states that, on an unidentified date, each named Defendant engaged in "officer sexual misconduct" during a "booking procedure." (*Id*. at 9). Specifically, he alleges he was forced to remove his clothes, and while naked was instructed to "do things" such as pull his buttocks apart. (*Id*.). He alleges this was done on camera and occurred every time he was searched

1

while in the custody of the unnamed facility.[1]  (*Id*.).  Plaintiff does not indicate if he is proceeding against the multiple named Defendants in their official or individual capacity.

Plaintiff seeks compensatory damages in the amount of ten million United States dollars. (ECF No. 4 at 10).  Plaintiff also asks that the Crawford County Sheriff's Office and Crawford County Jail be forced to undergo training concerning sexual misconduct, voyeurism, and victim's constitutional rights.  (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

---

[1] Plaintiff does identify several Defendants as working in Van Buren, Crawford County, Arkansas. (*Id*. at 2-6).

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff failed to indicate if he was suing the many named Defendants in their official or individual capacity. If a plaintiff's complaint is silent about the capacity in which he is suing a defendant, courts interpret the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). Thus, the Court will interpret Plaintiff's Complaint as being submitted in the official capacity only.

Plaintiff failed to allege sufficient facts to state any plausible claims in any capacity. Correctional officers must be permitted to conduct thorough and effective searches during intake procedures to uncover disease, gang affiliation, and contraband. *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 334 (2012). Invasive strip and visual body cavity searches where the viewing officers do not touch the detainee are not a violation of a detainee's constitutional rights. (*Id.* at 334-39); *Story v. Foote*, 782 F.3d 968, 971 (8th Cir. 2015) ("Given what the Supreme Court and this court have said about the strong institutional interests in maintaining security, and about the reasonableness of visual body-cavity inspections when detainees enter a facility, Story's allegation of a body-cavity search by itself does not state a claim for the violation of a clearly established right.").

This leaves Plaintiff's allegation that his rights under the Prison Rape Elimination Act ("PREA") were violated. Section 1983 does not create any substantive rights. Rather, it provides

a remedy for violations of constitutional rights or rights created under federal law. *Tarsney v. O'Keefe*, 225 F.3d 929, 939 (8th Cir. 2000). The PREA authorized the federal government to give grants to prisons and detention facilities that implement procedures designed to reduce the number of prison rapes. 34 U.S.C. §§ 30301-30309. While there appears to be no Eighth Circuit decision on point, other courts have made clear that the PREA does not create a private cause of action. *Johnson v. Garrison*, 859 F. App'x 863, 864 (10th Cir. 2021); *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017); *Krieg v. Steele*, 599 F. App'x 213, 232-33 (5th Cir. 2015); *Wilmoth v. Sharp*, No. 6:15-cv-06057, 2018 WL 1092031, *3 (W.D. Ark. Feb. 27, 2018). And the Court of Appeals for the Eleventh Circuit has held that a violation of the PREA is not a *per se* violation of the Eighth Amendment. *Cox v. Nobles*, 15 F.4th 1350, 1361 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 1178 (2022).

Plaintiff has failed to state any plausible constitutional claims. As such, his Amended Complaint should be dismissed.

## IV. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 4) be DISMISSED WITHOUT PREJUDICE.

<u>Referral Status</u>: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of December 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE